IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN FRESHOUR,

                      **Plaintiff,**

    v.                                                   CASE NO. 20-3233-SAC

DEALAN HICKS, et al.,

                      **Defendants.**

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

    Plaintiff Brian Freshour, a pretrial detainee being held at the Sedgwick County Jail in Wichita, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I.  Nature of the Matter before the Court**

    Plaintiff's Complaint (ECF No. 1) alleges he was unlawfully arrested under false allegations. ECF No. 1, at 2. He claims Defendant Hicks, a Wichita Police Officer, arrested him based on false statements made by a witness who was coerced by Hicks. Plaintiff further alleges Defendant Vandermolen, a detective with the Wichita Police Department, "knowingly and recklessly" took charges against him based on the false statements to the District Attorney.

    Plaintiff seeks dismissal of the charges against him and compensation for damages caused by the unlawful arrest.

1

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915A(a).  Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency.  *See* 28 U.S.C. § 1915(e)(2).  Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The Complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

3

**III. Discussion**

Mr. Freshour asks this Court to declare that his arrest was illegal. The Court is prohibited from doing so under *Younger v. Harris,* 401 U.S. 37, 45 (1971).[1] The *Younger* abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton,* 122 F.3d 885, 889 (10th Cir. 1997). Absent narrow exceptions for "bad faith or harassment," prosecution under a statute that is "flagrantly and patently" unconstitutional, or other "extraordinary circumstances" involving irreparable injury, *Younger,* 401 U.S. at 46–55, abstention is both appropriate and mandated when: (1) there is an ongoing state criminal, civil, or administrative proceeding,  (2) the state court affords an adequate forum to hear the claims raised in the plaintiff's federal complaint, and (3) the state proceedings implicate important state interests. *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). If applicable, the *Younger* abstention doctrine obligates the Court to dismiss an action in favor of an ongoing state proceeding. *Weitzel*, 240 F.3d at 875.

Applying the *Younger* analysis to this case, the Court finds that the first condition is clearly met because it appears there are ongoing state criminal proceedings against Plaintiff based on the arrest he challenges here. The second condition is met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff,* 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a

---

[1] Even though the original *Younger* holding was applied to a claim for injunctive relief, the Tenth Circuit has expanded the doctrine to include monetary relief. *Unified Sch. Dist. No. 497,* 392 F.3d at 1228 ("[T]he Younger doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding.") (citations omitted); *see also Parkhurst v. State of Wyoming,* 641 F.2d 775, 777 (10th Cir.1981) (claim for money damages "would necessarily call into question the validity of the state conviction" and "frustrate the spirit" of *Younger*).

lynchpin in the unique balance of interests" described as "Our Federalism.") (*citing Younger,* 401 U.S. at 44). The third condition is met because the Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and, if he is convicted, direct appeal, as well as post-conviction remedies. *See Capps v. Sullivan,* 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of ... jurisdiction if the issues raised ... may be resolved either by trial on the merits in state court or by other (available) state procedures.") (quotation omitted). Finally, Plaintiff's assertions are insufficient to trigger any of the *Younger* exceptions.

Also, where a prisoner claims entitlement to immediate or speedier release, a petition for habeas corpus relief is his sole remedy in federal court. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997); *see Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005)("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release."). A prerequisite to filing a habeas corpus petition in federal court is full exhaustion of all levels of administrative appeal, as well as all remedies available in the state courts. Plaintiff's claim that he is entitled to release must be dismissed from this action without prejudice to his raising it in a habeas corpus petition after he has exhausted all available state remedies.

Accordingly, the Court finds Plaintiff's Complaint should be dismissed.

**IV. Response Required**

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Plaintiff is therefore required to show good cause why his

5

Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

### V. Motion to Appoint Counsel (ECF No. 3)

Plaintiff has filed a Motion to Appoint Counsel (ECF No. 3). There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it does not appear that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not overly complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion.

### VI. Motion for Preliminary Injunction (ECF No. 10)

Plaintiff has filed a motion for preliminary injunction (ECF No. 10). In the motion, he seeks an order enjoining the defendants from "any type of retaliation" against him or the co-defendant and/or witness in his prosecution. ECF No. 10, at 1.

To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest. *Schrier v. University of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005); *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

Plaintiff's motion falls far short of satisfying this heavy burden. Moreover, as explained above, Plaintiff has not shown a substantial likelihood of prevailing on the merits in this civil rights action. As a result, Plaintiff's motion is denied.

### VII. Motions for Discovery (ECF Nos. 13, 14, and 15)

The Court has considered Plaintiff's Motions for Discovery. Discovery in this action shall not proceed and service shall not issue until the screening process has been completed. Accordingly, the Court finds that Plaintiff's motions are premature and denies them at this time without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **March 8, 2021**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 10) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Discovery (ECF Nos. 13, 14, and 15) are **denied**.

**IT IS SO ORDERED.**

DATED: This 8th day of February, 2021, at Topeka, Kansas.

                                          **s/ Sam A. Crow**
                                          **SAM A. CROW**
                                          **U.S. Senior District Judge**